UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOU A. GRIFFIN,<br><br>                      Plaintiff,<br>v.<br><br>BROWN COUNTY SHERIFF DEPARTMENT and BROWN COUNTY JAIL MEDICAL STAFF,<br><br>                      Defendants. | Case No. 24-CV-53-JPS<br><br>**ORDER** |

Plaintiff Lou A. Griffin, an inmate confined at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1.[1] This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

---

[1] Plaintiff submitted his signature page separately on February 2, 2024. ECF No. 7.

On February 7, 2024. the Court ordered Plaintiff to pay an initial partial filing fee of $32.21. ECF No. 8. Plaintiff paid that fee on February 21, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 5. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.     **SCREENING THE COMPLAINT**

    2.1     **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants Brown County Sheriff Department and Brown County Jail Medical Staff. ECF No. 1 at 1. On October 28, 2020, Plaintiff was arrested and taken to the Brown County Jail to stand trial. *Id.* In February 2021, Plaintiff was placed in cell-block B and his hearing was continued. *Id.* at 2. In July 2021, Plaintiff became infected with COVID-19 from another inmate that the jail put in his cell. *Id.* Plaintiff became very sick and was placed on lockdown. *Id.* Afterwards, Plaintiff was given the flu and/or COVID-19 shot, and he became sick again. *Id.* Plaintiff moved to cell-block A in August and was again infected with COVID-19. *Id.* Plaintiff took the COVID-19 shot again but did not get sick this time. *Id.*

One Saturday morning, Plaintiff went to the shower area and realized he had some water in his right ear. *Id.* Plaintiff attempted to extract the water with a tissue, but he was unable to do so. *Id.* Plaintiff remembers having cold chills and night sweats around this time and told medical staff about his condition. *Id.* Plaintiff was told to put in a request to be seen at sick call. *Id.* Plaintiff put in a request several times before he was called down to medical. *Id.* at 2–3. Medical staff checked his blood pressure, gave

him two aspirins, and charged him $10.00 for medical treatment. *Id.* at 3. Plaintiff complained again how cold his cell was, that his ear was hurting, and that he had a headache. *Id.*

In January 2023, Plaintiff started having very bad headaches and blackouts in his cell and the day room of the jail. *Id.* On January 27, 2023, Plaintiff took a plea deal the day before his trial started. *Id.* On March 10, 2023, Plaintiff had to be rushed to Aurora Bay-Port Hospital for emergency surgery on his brain to remove a golf-ball-sized ear infection. *Id.* After the operation, the doctor stated that it was a blessing that Plaintiff was still alive due the seriousness of his condition. *Id.* On September 27, 2023, Plaintiff had another infection on the left-side of his brain, but it was not removed until November 6, 2023. *Id.* at 4. As a result of the first infection, three inches from Plaintiff's brain had to be removed. As of December 2023, Plaintiff was still under a doctor's care for his condition. *Id.*

### 2.3 Analysis

Plaintiff alleges that he was a pretrial detainee during the relevant time period. A § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. *Id.* The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. *Id.* First, he must show that the defendants acted purposefully, knowingly, or recklessly when considering the consequences of their response to the medical condition at issue in the case. *Id.* (citing *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018)). Second, the

plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. *Id.*

Here, the Court finds that Plaintiff's allegations are too vague to proceed on a Fourteenth Amendment claim for inadequate medical treatment. Although Plaintiff references becoming unconscious at some point and suffering blackouts, Plaintiff's allegations do not provide the Court with sufficient information about what any staff members knew about Plaintiff's condition. Therefore, the Court will dismiss the complaint but will provide Plaintiff the opportunity to amend the complaint. In order to proceed, Plaintiff must provide the Court with sufficient information regarding his need for medical treatment, when he asked for medical treatment, who he asked, and what, if any, response he received. If Plaintiff does not know the specific names of any defendants, he may name them as Doe defendants and may identify them later through the course of discovery.

The Court will provide Plaintiff the opportunity to file an amended complaint on or before **April 23, 2024.** When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his

amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 5, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **April 23, 2024**. If Plaintiff files an amended complaint by the deadline, the Court will screen that complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $317.79 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.