UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LOU A. GRIFFIN,

       Plaintiff,

v.

            Case No. 24-CV-53-JPS

BROWN COUNTY SHERIFF
DEPARTMENT and BROWN     **ORDER**
COUNTY JAIL MEDICAL STAFF,

       Defendants.

    Plaintiff Lou A. Griffin, an inmate confined at Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1.[1] On April 2, 2024, the Court screened the complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 9. On April 22, 2024, Plaintiff filed an amended complaint. ECF No. 13. This Order screens Plaintiff's amended complaint.

**1. FEDERAL SCREENING STANDARD**

    Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

---

[1] Plaintiff submitted his signature page separately on February 2, 2024. ECF No. 7.

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff brings this case against Defendants Brown County Sheriff Department and Brown County Jail Medical Staff. ECF No. 13 at 1. Plaintiff alleges that the medical staff failed to adequately place him away from

inmates with COVID-19. at 3. *Id.* Plaintiff became infected with COVID-19 at some point. *Id.* Plaintiff went to the medical department several times and staff ignored his serious medical needs. *Id.* Plaintiff complained about headaches, a loss of sleep, blackouts, and night sweats. *Id.* He was eventually given aspirin for high blood pressure but was sent away without ever addressing the night sweats, blackouts, and hot/cold issues. *Id.* at 4.

Plaintiff noticed that his ear problems were becoming more chronic and painful. *Id.* Plaintiff reported this issue to medical staff, but he was again ignored. *Id.* Finally, on March 10, 2023, Plaintiff was rushed to the Aurora Bay-Port Hospital emergency room to receive life-saving surgery. *Id.*

**3. ANALYSIS**

Plaintiff alleges that he was a pretrial detainee during the relevant time period. A § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. *Id.* The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. *Id.* First, he must show that the defendants acted purposefully, knowingly, or recklessly when considering the consequences of their response to the medical condition at issue in the case. *Id.* (citing *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. *Id.*

Here, the Court finds that Plaintiff's allegations are sufficient to proceed on a Fourteenth Amendment medical claim against Doe defendants (Brown County Jail Medical Staff). Plaintiff's allegations show that he was suffering from an arguably serious medical condition that resulted in him requiring emergency-life saving surgery and that medical staff failed routinely ignored his requests for help. The Court will not, however, allow Plaintiff to proceed on a claim for staff's failure to protect him from COVID-19 inmates because he does include sufficient facts for the Court to be able to discern a claim. *See Ashcroft*, 556 U.S. at 678. Plaintiff may later amend his complaint, after identifying the medical staff, if he wishes to pursue this claim going forward.

As to the Brown County Sheriff Department, it is not a 'person' for the purposes of § 1983 and therefore not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, [Plaintiff] named a non-suable entity."). As such, the Court will dismiss this defendant for the failure to state a claim against them.

Finally, because Plaintiff does not name of any of the jail staff as defendants, the Court will add the Brown County Sheriff—Todd J. Delain— as a defendant for the limited purpose of helping Plaintiff identify the names of those employees. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). For now, Plaintiff may proceed against Doe defendants and must identify these employees later by name and identify specifically what each person did or did not do in relation to his medical treatment. Sheriff Delain does not have to respond to the amended complaint. After Sheriff Delain's attorney files an appearance in this case, Plaintiff may serve discovery upon Sheriff Delain (by mailing it to his

attorney at the address in his notice of appearance) to get information that will help him identify the names of the Doe defendants.

For example, Plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Plaintiff does not yet state a claim against Sheriff Delain, Plaintiff's discovery requests must be limited to information or documents that will help Plaintiff learn the real names of the Doe defendants he is suing. Plaintiff may not ask Sheriff Delain about any other topic, and Sheriff Delain is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the individuals that he alleges violated his constitutional rights, he must file a notice identifying their real names. The Court will dismiss Sheriff Delain as a defendant once Plaintiff identifies the Doe defendants' names, unless Plaintiff provides additional information that Sheriff Delain was personally involved in denying his medical treatment. After those defendants have an opportunity to respond to Plaintiff's amended complaint, the Court will issue a scheduling order for the remainder of the case.

Plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Delain's attorney appearing. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on the failure to follow the Court's order.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment medical treatment claim against Doe defendants (Brown County Jail Medical Staff).

Accordingly,

**IT IS FURTHER ORDERED** that Defendant Brown County Sheriff Department be and the same is hereby **DISMISSED** from this action for the failure to state a claim against it;

**IT IS FURTHER ORDERED** that Sheriff Todd J. Delain be added as a defendant for the limited purpose of helping Plaintiff identify the names of the Doe defendants;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this Order upon Defendant **Sheriff Todd J. Delain** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Sheriff Delain does not have to respond to Plaintiff's amended complaint; however, he must respond to any discovery requests as described in this Order; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this

Page 6 of 8
Case 2:24-cv-00053-JPS    Filed 05/10/24    Page 6 of 8    Document 15

exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 7 of 8
Case 2:24-cv-00053-JPS   Filed 05/10/24   Page 7 of 8   Document 15

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.