UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

LOU A. GRIFFIN,

   Plaintiff,

vs.               Case No. 24-CV-53

BROWN COUNTY SHERIFF, *et al.*

   Defendants.
_____

**STATUS REPORT**
_____

  **NOW COMES** the Defendant, Diane Jensen, by and through her attorneys, Kopka Pinkus Dolin, PC, and files this *Status Report* and respectfully reports to the Court the following:

### ALL CLAIMS AGAINST CURRENT/FORMER DEBTOR EMPLOYEES ARE AUTOMATICALLY STAYED

  On February 18, 2025, in *In re Wellpath Holdings, Inc.*, Case No. 24-90533 (ARP), the United States Bankruptcy Court for the Southern District of Texas (the "Court") held a hearing to consider final approval of the *Debtors' Emergency Motion for Entry of Interim and Final Orders to Enforce the Automatic Stay or in the Alternative Extend the Automatic Stay to Non-Debtor Defendants* [Bankruptcy Docket No. 17] (the "Stay Extension Motion") and the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor and Incur Obligations to Professional Corporations and (B) Obtain New Professional Corporation Contracts, (II) Extending Statutory Protections to Professional Corporations, and (III) Granting Related Relief* [Bankruptcy Docket No. 15] (the "PC Motion").

  At the outset of the hearing, the Debtors informed the Court of the filing of amended proposed orders for the Stay Extension Motion (the "Amended Stay Extension Order") and the PC

Motion (the "Amended PC Order"). After hearing from various objecting parties and parties-in-interest, the Court approved the Amended PC Order (*see* Bankruptcy Docket No. 1473) on a final basis until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025, and the Court made a bench ruling that the Court would approve the Amended Stay Extension Order on a final basis until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025, pending removal of former customers and former clients from the relief granted therein.

On February 20, 2025, the Court entered an "Amended Final Order (I) Enforcing the Automatic Stay to Non-Debtor Defendants on a Final Basis, and (II) Granting Related Relief". The Amended Final Order is attached hereto as **Exhibit A**. The Amended Final Order extends the automatic stay on a final basis for:

- <u>Debtors, D&Os, Debtor employees (for cases in which a Debtor is also named), HIG and its employees</u>.
    - "Any claims or causes of action that have been or may be asserted against the Debtors, the Debtors' directors or officers, the Debtors' current or former employees to the extent the Debtors are also named defendants in the underlying lawsuit, H.I.G. Capital L.L.C. or its directors, officers, or current or former employees, in the Lawsuits are stayed until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025, without prejudicing the Debtors' right to seek a further extension of the stay." (Ex. A at p. 3.)

- <u>Professional Corporations, their employees and Debtor employees (for cases in which no Debtor entity was named)</u>.
    - "Any claims or causes of action that have been or may be asserted against any of the Professional Corporations or their current or former employees, ***or current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit***, are stayed pursuant to section 362, and to the extent applicable section 105, of the
2

Bankruptcy stayed until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025, without prejudicing the Debtors' right to seek a further extension of the stay." (Ex. A at pp. 3-4.)

- The Debtors' Current Customers & Clients.
    - "Any claims or causes of action that have been or may be asserted against any of the Debtors' current clients or customers or their current or former employees are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code stayed until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025, without prejudicing the Debtors' right to seek a further extension of the stay." (Ex. A at p. 4.)

The *emphasized* language above demonstrates that the bankruptcy court issued an automatic stay on a final basis for all lawsuits against Debtor and Debtor's current/former employees, regardless of whether Debtor is a party to the action. The automatic stay is effective until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025. Since the Defendant is one of Debtor's current/former employees, this action is subject to the automatic stay.

Dated this 28th day of February, 2025.

                KOPKA PINKUS DOLIN PC
                *Attorneys For Defendant Diane Jensen*

                By:   */s/ Herschel B. Brodkey*
                      Herschel B. Brodkey
                      State Bar No. 1117719

P.O. ADDRESS:
N19W24400 Riverwood Dr, Suite 260
Waukesha, WI 53188-1191
(414) 251-0320; Fax: (847) 549-9636
hbbrodkey@kopkalaw.com